# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARWIN PALMER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 10-42 |
| | ) Judge Nora Barry Fischer |
| v. | ) Magistrate Judge Bissoon |
| | ) |
| RAMON RUSTIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Darwin Palmer ("Plaintiff") brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under First, Eighth, and Fourteenth Amendments to the Constitution of the United States, committed by multiple Defendants during his incarceration at the Allegheny County Jail ("ACJ") in Pittsburgh, Pennsylvania, for a parole violation. Compl. (Docket No. 3 at 2). Plaintiff's last known address was at Renewal, Inc., in Pittsburgh.[1] This suit commenced with this Court's receipt of Plaintiff's complaint, without filing fee, on January 12, 2010. (Docket No. 1). Leave to proceed *in forma pauperis* ("IFP") was granted on January 13, 2010. (Docket No. 5).

---

[1] This Court is unsure of Plaintiff's current address. Attempts to locate him through the Pennsylvania Department of Corrections and Renewal, Inc., have been fruitless. The undersigned notes, however, that Plaintiff was explicitly ordered to inform the Court of any changes to his address. See Order of April 12, 2010 (Docket No. 12 at 3).

On June 21, 2011, this Court dismissed Plaintiff's claims against Defendants Rustin, Leone, McCall, Hungerman, Cestra, Butler, Kavals, Dutrieville[2] and Helt with prejudice, in part, and without prejudice, in part. Order of June 21, 2011 (Docket No. 45). Plaintiff was granted 21 days from the date of that order in which to file an amended complaint with respect to the claims that were dismissed without prejudice. Id. at 1. As of the date of this writing – 35 days after the issuance of that order – Plaintiff has not filed an amended complaint.

A district court has the inherent power to dismiss, *sua sponte*, a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[3][1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Phila., 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

---

[2] The name of this Defendant is spelled "Dutrieville" and "Dutriville" in the various filings in this case. This Court adopts the use of "Dutrieville" in this order, as it is the spelling used by Plaintiff in the body of the complaint.

[3] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the Poulis factors is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. To the extent that he may no longer reside at his address of record, it was his responsibility to inform the Court of any change in address. Indeed, Plaintiff was ordered explicitly to do so on April 21, 2010. (Docket No. 12 at 3). The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

Plaintiff was ordered to respond with an amended complaint, if appropriate, within 21 days of June 21, 2011, or the claims that were dismissed without prejudice would be dismissed

3

with prejudice. (Docket No. 45 at 1). Not dismissing those claims with prejudice would prejudice defendants who relied on that order.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's order. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with the claims at issue.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's order. It is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has not asserted adequate basis in his complaint to conclude that Defendants Rustin, Leone, McCall, Hungerman, Cestra, Butler, Kavals, Dutrieville or Helt are liable pursuant to 42 U.S.C. § 1983.

In light of the foregoing, the undersigned finds that the Poulis factors weigh in favor of dismissal. Consequently, those claims against Defendants Rustin, Leone, McCall, Hungerman, Cestra, Butler, Kavals, Dutrieville and Helt that were dismissed without prejudice on June 21, 2011 (Docket No. 45) will be dismissed with prejudice.

AND NOW, this 27th day of July, 2011,

IT IS HEREBY ORDERED that all remaining claims against Defendants Rustin, Leone, McCall, Hungerman, Cestra, Butler, Kavals, Dutrieville and Helt are DISMISSED, with prejudice.

BY THE COURT:

s/Nora Barry Fischer
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

cc:
**DARWIN PALMER**
Renewal Resident Mail
P.O. Box 295
Pittsburgh, PA 15230