IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARWIN PALMER,                )
                              )
        Plaintiff,             )  Civil Action No. 10-42
                              )  Judge Fischer
v.                            )
                              )
RAMON RUSTIN, et al.,         )
                              )
        Defendants.            )

## MEMORANDUM ORDER

Darwin Palmer ("Plaintiff") brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under First, Eighth, and Fourteenth Amendments to the Constitution of the United States, committed by multiple Defendants during his incarceration at the Allegheny County Jail ("ACJ") in Pittsburgh, Pennsylvania, for a parole violation. Compl. (Docket No. 3 at 2). Plaintiff's last known address was at Renewal, Inc., in Pittsburgh. This suit commenced with this Court's receipt of Plaintiff's complaint, without filing fee, on January 12, 2010. (Docket No. 1). Leave to proceed *in forma pauperis* ("IFP") was granted on January 13, 2010. (Docket No. 5).

On August 23, 2011, the orders of June 21, 2011, and July 27, 2011, (Docket Nos. 45 and 46) were returned to this Court marked return to sender/unable to forward. See Staff Note of Aug. 23, 2011. Attempts to locate Plaintiff through the Pennsylvania Department of Corrections and Renewal, Inc., have been fruitless. Early in this case, Plaintiff was ordered, explicitly, to inform the Court of any changes to his address. See Order of April 12, 2010 (Docket No. 12 at 3). However, in spite of that order, Plaintiff has not filed any notice of change address, and his current whereabouts are unknown.

A district court has the inherent power to dismiss, *sua sponte*, a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). The decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Phila., 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. Mindek v. Rigatti, 964 F.2d

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farn Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the application of Poulis factors to the instant lawsuit is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. It was his responsibility to inform the Court of any change in address. Indeed, Plaintiff was ordered explicitly to do so on April 21, 2010. (Docket No. 12 at 3). The responsibility for Plaintiff's failure to prosecute his case is Plaintiff's alone.

(2) Prejudice to the adversary.

The docket indicates that Defendants have responded to the orders of this Court in a timely manner. The prejudice that will be suffered by Defendants by allowing this case linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's orders. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with the claims at issue.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

3

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders. It is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply, or prompt him to prosecute his case.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's allegations against the remaining Defendants are not facially meritless. However, it is unclear whether his claims would survive summary judgment. As such, this factor weighs neither for nor against dismissal.

In light of the foregoing, this Court concludes that the Foulis factors weigh heavily in favor of dismissal. Consequently, this case will be dismissed.

AND NOW, this 25th day of October, 2011,

IT IS HEREBY ORDERED that this case is DISMISSED.

/s/ Nora Barry Fischer
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

cc:
**DARWIN PALMER**
Renewal Resident Mail
P.O. Box 295
Pittsburgh, PA 15230